UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN WILCUTT,

                           Plaintiff,                  CASE NUMBER:
                                                            12 CV 4322

-against-

ZIMMER, INC., ZIMMER HOLDINGS, INC.
and ZIMMER ORTHOPAEDIC SURGICAL
PRODUCTS, INC.,

                           Defendants.

## MEMORNADUM IN SUPPORT OF PLAINTIFF'S MOTION TO STAY PENDING TRANSFER TO MULTIDISTRICT PROCEEDING

The plaintiff, John Wilcutt, respectfully moves this Court, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, to stay all proceedings, pending transfer of this action to the Northern District of Illinois as part of multidistrict proceedings styled *In Re: NexGen Knee Implant Products Liability Litigation,* MDL No. 2272 ("MDL-2272"). In support of this motion, plaintiff states:

    1.     The defendants were served with the Complaint on June 8, 2012. Responsive pleadings are currently due on June 29, 2012, which time has not expired.

    2.     This is one of multiple product liability cases in which the plaintiff alleges that the defendants designed, manufactured and sold an allegedly defective *NexGen* branded artificial knee implant, which allegedly caused the plaintiff to suffer damages.

    3.     On August 8, 2011, the JPML created MDL-2272 and began transferring cases involving *NexGen* branded artificial knee implants to the United States District

Court for the Northern District of Illinois (the "Transferee Court") for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See *In Re: Zimmer NexGen Knee Implant Products Liability Litigation* (J.P.M.L. 2011) [Doc. No. 110] attached as Exhibit A to the Declaration of Steven Goodstadt. Describing the primary purposes of consolidating these cases, the JPML stated that "[c]entralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on *Daubert* and other pretrial issues, and conserve the resources of the parties, their counsel and the judiciary." *See id.* At 2.

4. The plaintiff submitted this action to the JPML as a tag-along for transfer to the Transferee Court on June 21, 2012, and the JPML will likely transfer it conditionally. *See* Notice of Potential Tag-Along Action [Doc. No. 693] attached as Exhibit B to Declaration of Steven Goodstadt. The parties expect transfer of this case to be completed promptly.

5. A stay of all proceedings in this Court pending transfer is appropriate because such a stay will promote judicial economy and consistency. Indeed, the Transferee Court is expected to decide multiple pre-trial issues likely to arise in the cases transferred to MDL-2272,

6. A stay in this Court pending transfer to the MDL-2272 will not prejudice the defendants. Once the case is transferred, the Transferee Court will issue its pretrial schedule and coordinated discovery likely will proceed.

7. Counsel for the plaintiff tried contacting counsel for the defendants by telephone regarding this motion but was unable to reach him. Therefore, the plaintiff is not authorized to represent that the defendants consent to this motion,

WHEREFORE, plaintiff respectfully requests, that this Court enter an order staying all proceedings, including but not limited to any deadline for an answer or other response to the Complaint, the period for initial disclosures pursuant to Rule 26, and all other discovery and pretrial deadlines pending transfer of this case to MDL-2272 and that the Court grant all other appropriate relief.

Dated: June 21, 2012

                                            Respectfully submitted,

*/s/ Steven Goodstadt*
Steven Goodstadt, Attorney No. SG2386
NAPOLI BERN RIPKA SHKOLNIK &
ASSOCIATES, LLP
350 Fifth Avenue – Suite 7413
New York, New York 10118
Telephone: (212) 267-3700
Facsimile: (212) 587-0031
Email:
ATTORNEYS FOR PLAINTIFF JOHN WILCUTT

## CERTIFICATE OF SERVICE

The undersigned certifies that service of plaintiff's Motion to Stay Pending Transfer to Multidistrict Proceedings was made by means of email and regular first class mail, this 21st day of June, 2012, to the following counsel of record:

> Peter Meyer, Esq.
> Baker & Daniels
> 111 E. Wayne Street – Suite 800
> Fort Wayne, IN 476802
> Peter.meyer@FaegreBD.com

*Steven Goodstadt*
Steven Goodstadt