UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ZIMMER NexGen KNEE IMPLANT
PRODUCTS LIABILITY LITIGATION
    John Wilcutt v. Zimmer, Inc., et al.,     )
        S.D. New York, C.A. No. 1:12-04322     )      MDL No. 2272

ORDER VACATING CONDITIONAL TRANSFER ORDER

    **Before the Panel:** Pursuant to Panel Rule 7.1, Zimmer defendants[1] (Zimmer) move to vacate our order conditionally transferring this action (*Willcut*) to the Northern District of Illinois for inclusion in MDL No. 2272. The *Willcut* plaintiff did not respond to the motion.

    In our order centralizing this litigation, we found that the subject actions "share[d] factual issues arising from allegations that Zimmer's 'high-flex' femoral components ( *i.e.*, the Cruciate Retaining (CR) and Legacy Posterior Stabilized (LPS) components, and the 'Gender Solutions' versions thereof) and/or the MIS Tibial component—all of which are used in knee replacement surgery—are prone to premature loosening, causing affected individuals pain and loss of movement, and often forcing them to undergo revision surgery." *In re: Zimmer NexGen Knee Implant Prods. Liab. Litig.*, 802 F. Supp. 2d 1374, 1376 (J.P.M.L. 2011) (footnote omitted). We further found that the subject actions "also raise[d] factual issues as to whether the aforementioned high-flex components actually provide an individual with any increase in flexion." *Id*. Here, Zimmer asserts, without contradiction, that the product at issue in *Willcut* belongs to a separate line of Zimmer knee replacement products – the Zimmer Natural-Knee System, which is not within the scope of the MDL. We are accordingly persuaded that transfer of *Willcut* is not warranted.[2]

---

    [1]     Zimmer, Inc, Zimmer Holdings, Inc., and Zimmer Surgical, Inc.

    [2]     We note that in December of last year, we similarly granted Zimmer's motion to vacate our order conditionally transferring to this MDL two other actions involving components of the Natural-Knee System. *See* Order Vacating Conditional Transfer Order, at 1 (J.P.M.L. Dec. 13, 2011) (doc. no. 275) ("Although Zimmer acknowledges some similarity between the NexGen System and the Natural-Knee System, it also points to differences that we find significant, including the fact that the Natural-Knee series of products was designed and developed not by Zimmer but by a Zimmer competitor. As a result, these actions will likely require a substantial amount of unique discovery, offsetting any efficiencies that might be realized by transfer.").

- 2 -

IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated as "CTO-85" is vacated insofar as its relates to this action.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |