UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
JOHN WILCUTT,                         :
                                      :
                Plaintiff,            :      12 Civ. 4322 (JSR)
                                      :
        -v-                           :
                                      :      ORDER
ZIMMER, INC., ZIMMER HOLDINGS, INC.,  :
and ZIMMER ORTHOPAEDIC SURGICAL       :
PRODUCTS, INC.,                       :
                                      :
                Defendants.           :
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

On December 27, 2012, the Court once again held an in-court conference pursuant to Fed. R. Civ. P. 16 and 26(f) to finally accomplish what has become a task of Sysiphean proportions: setting a case management plan for the above-captioned case. This was the third such conference since last June, and for reasons the Court recited on the record on this date and now recounts in writing, the Court hereby dismisses this case without prejudice.

On June 25, 2012, the Clerk of the United States Judicial Panel on Multidistrict Litigation filed a Conditional Transfer Order that would transfer this case to the Northern District of Illinois as a "tag-along" action in the Zimmer Nextgen Knee Implant Products Liability MDL. See MDL No. 2272, D.E. 695. On the motion of the plaintiff, on June 26, 2012, the Court stayed all proceedings in this case until the case was either transferred to the Northern District of Illinois or the Transfer Order was

vacated. On October 1, 2012, the Panel on Multidistrict Litigation vacated the Conditional Transfer Order. See MDL No. 2272, D.E. 905.

Unable to convene a conference call with counsel in the weeks that followed the vacatur of the transfer order despite repeated attempts to do so, the Court ordered counsel to attend an in-court conference on December 5, 2012 at 11 a.m. for the purpose of case management and scheduling various deadlines in this case. Counsel of record for plaintiff did not appear at the December 5 hearing; instead Mr. Nicholas Farnollo appeared to "cover[] the matter" for counsel of record. Tr. of Dec. 5, 2012 Conf. at 4. Immediately after the start of the scheduling conference, defendant's counsel raised the issue that the complaint filed in this case contemplated transfer to the Illinois MDL and that, given the vacatur of the transfer order, there now appears to be no operative complaint apart from the tick-the-box form used for the MDL. Upon an undertaking of Mr. Farnollo to advise plaintiff's counsel of record of the need to file an amended complaint, the Court adjourned the December 5 scheduling conference to December 27 at 11 a.m. and instructed plaintiff to serve the amended complaint by December 7, 2012. In adjourning the December 5 conference, the Court instructed Mr. Farnollo to communicate to his colleagues that should their dilatory behavior continue, the Court would impose appropriate sanctions. Id. at 5.

Although counsel for plaintiff attempted to file the amended complaint on ECF on December 7, counsel failed to attach the requisite PDF and did not cure that error until December 21. But, far worse, at the rescheduled conference at 11 a.m. on December 27, plaintiff's counsel failed to appear, even after receiving an e-mail reminder from defendant's counsel. After waiting forty minutes, after which plaintiff's counsel still had not arrived, the Court convened the scheduling conference so at last it could set a case management plan with defendant's counsel. Defendant's counsel then informed the Court that plaintiff's counsel, in addition to failing to appear for this court-ordered conference, had not yet served her client with either the initial complaint (filed with the Court using the ECF system on June 1, 2012) or the amended complaint (which was not properly filed until December 21). Thus, it appears that defendant has still not been served with either the initial complaint or the amended complaint almost six months after the case was filed in this District.

Given this history of plaintiff's counsel's defalcations, the Court, ruling from the bench, dismissed the case for failure to prosecute and alternatively for failure to effect service within 120 days pursuant to Fed. R. Civ. P. 4(m). See Tr. of Dec. 27, 2012 Conf. However, because of plaintiff's counsel's failure to appear despite the Court's several orders, the Court was unable to give plaintiff notice of the contemplated dismissal. Therefore, the

3

Court imposed the lesser sanction of dismissing the case without prejudice.

The Court, however, cannot let this charade continue. Accordingly, plaintiff's counsel is hereby given notice that, should he fail to submit to the Court by Monday, January 7, 2013, a sworn affidavit showing good cause for his failure to comply with the service of process requirements elaborated in Rule 4, the Court will dismiss the complaint with prejudice as well.

SO ORDERED.

                                        JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       December 27, 2012