UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN WILCUTT,<br>　　　　　Plaintiff,<br>　v.<br>ZIMMER, INC., ZIMMER HOLDINGS, INC.<br>and ZIMMER ORTHOPAEDIC SURGICAL<br>PRODUCTS, INC.,<br>　　　　　Defendants. | DKT NO.: 1:12-CV-04322 (JSR)<br><br>AFFIDAVIT |

STATE OF NEW YORK　　　　)
　　　　　　　　　　　　　) SS.:
COUNTY OF SUFFOLK　　　　)

　　　　THOMAS P. CLEERE, being duly sworn deposes and says under the penalties of perjury that:

1. I am an attorney duly licensed to practice law before the Courts of the State of New York and the United States District Court for the Southern District of New York.

2. I am an associate of the firm, Napoli Bern Ripka Shkolnik, LLP, attorneys of record for the above captioned Plaintiff.

3. This Affidavit is submitted in response to Judge Rakoff's Order dated December 27, 2012.

4. That there is no intent to abandon or otherwise fail to prosecute this matter on the part of Plaintiff's counsel.

5. That the 12/27/12 Conference was the first and only time plaintiff's firm failed to appear at a scheduled conference in this matter.

6. That this office did not calendar the conference scheduled on December 27, 2012 and as such I was unaware of same.

7. I was not in the office during the week of December 24, 2012 and such did not receive Defendant's email correspondence as cited on page 3 of the 12/27/12 Order until after the conference was already held.

8. That failure to have the matter properly calendared in not an excuse for non-appearance and your affiant will ensure that it does not happen again.

9. That the original Complaint, filed in the Southern District was served properly on Peter Meyer, Esq., counsel for Defendant on June 8, 2012 as per the Case Management Order in connection with the Illinois Zimmer Nexgen MDL case.

10. That in connection therewith and subsequent MDL transfer rejection notwithstanding, Defendant was required to complete a Waiver of Service form and did not.

11. That your affiant has made several inquiries to Defendant's counsel, Mr. Meyer in an attempt to secure said waivers as the Wilcutt case is one of several for which no Waiver of Service was provided.

12. That, as such, the original complaint in this matter was properly filed within the requisite 120 days.

13. That as per the Court's 12/5/12 directive, the Amended Complaint was filed two days later on 12/7/12 to ensure full compliance with the Court's

directive. The ministerial defect of filing the Complaint in PDF form was cured well in advance of the 12/27/12 conference.

14. That on December 28, 2012, the Amended Complaint in this matter was served upon Peter Meyer, Esq., as counsel and designate for service of process.

15. That in early December 2012, your affiant contacted Defendant's local counsel whereby I inquired if local counsel would accept service of the Amended Complaint since no waivers of service were submitted by Defendant's lead counsel as described above.

16. That I was advised that counsel would advise on the issue of service, either way, and "get back to me". I never heard back from counsel on that issue.

17. That during the same conversation with local counsel, your affiant was advised that Defendants were making a motion to transfer this matter to Missouri, Plaintiff's State of residence.

18. That said motion has not been made as of the date of this Affidavit.

19. That your affiant apologizes for not appearing at the recent conference.

20. That in no way has Plaintiff's counsel engaged in "defalcation", defined as fraud or embezzlement and am unsure why such a statement would be used in this context.

21. That your affiant respectfully requests that this matter be rescheduled before the Court so that a case management plan be entered into.

22. That the aforementioned clearly demonstrates a desire to prosecute this matter.

23. That Plaintiff's counsel has demonstrated compliance with service of process requirements and the Court's directives, with the one exception being failing to appear on 12/27/12.

24. That your affiant respectfully requests that the Court vacate the Order dismissing this matter and restore this matter to the Court's active calendar.

Dated: Great River, New York
December 31, 2012

_____
THOMAS P. CLEERE

On the 31st day of December, 2012, before me came and appeared THOMAS P. CLEERE, to me known to be the individual described in and who executed the foregoing instrument and who duly acknowledged that he executed same.

_____
Notary Public

DANIELLE LYNNE TADLOCK
NOTARY PUBLIC-STATE OF NEW YORK
No. 01TA6241233
Qualified in Suffolk County
My Commission Expires 5/9/15