UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN WILCUTT,

                        Plaintiff,

        -against-

ZIMMER, INC., ZIMMER HOLDINGS, INC., and ZIMMER ORTHOEPAEDIC SURGICAL PRODUCTS, INC.,

                        Defendants.

1:12- cv-04322-JSR

**AFFIDAVIT OF**
**PHOEBE A. WILKINSON**

---

STATE OF NEW YORK    )
                                  ) ss.:
COUNTY OF NEW YORK  )

    PHOEBE A. WILKINSON, being duly sworn deposes and says:

    1.  I am an attorney duly licensed to practice law before the Courts of the State of New York, and the United States District Court for the Southern District of New York.  I am a member of the firm Chadbourne & Parke LLP, and serve as New York counsel for the defendants in the above-captioned matter.  Baker & Daniels, LLP, now known as Faegre Baker Daniels, LLP, serves as national counsel to the defendants.

    2.  This affidavit is submitted in response to the Affidavit of Thomas P. Cleere, sworn to and filed in this action on December 31, 2012.

    3.  I understand that I am the local counsel to whom Mr. Cleere refers in paragraphs 15, 16, and 17 of his Affidavit.  I submit this Affidavit in response to statements made in those paragraphs.

4. After receiving notification (on December 3, 2012) from the Court to appear for a December 5, 2012 conference in this matter I telephoned Mr. Cleere and left him a voicemail message in response to an inquiry I had received from him concerning the December 5, 2012 court conference. Included in my voicemail message was my inquiry regarding what the plaintiff intended to do about the fact that I did not believe the MDL complaint, which had been initially filed in this action, was operative following the JPML's decision to vacate the conditional transfer order that had been issued for plaintiff's lawsuit.

5. Following my voicemail message Mr. Cleere and I exchanged emails on December 4, 2012. In his email Mr. Cleere acknowledged that plaintiff would have to amend his complaint as the knee replacement device plaintiff had received was not included in the *In re Zimmer NexGen Knee Implant Products Liability Litigation* MDL. Mr. Cleere asked whether I would accept service of an Amended Complaint. He also advised me that Nick Farnolo would appear for the plaintiff at the December 5, 2012 conference.

6. I emailed Mr. Cleere shortly thereafter and advised him that I would ask Zimmer whether they would allow me to accept service of an Amended Complaint and would then let him know. I also advised Mr. Cleere – as I had advised plaintiff's counsel and this Court at the June 26, 2012 initial scheduling conference – that if plaintiff continued to attempt to pursue this action in New York that Zimmer would file a motion to seek a transfer of venue. I reminded Mr. Cleere that his colleague (Mr. Steven Goodstadt) had told me at the June 26, 2012 court appearance that if the case was not included in the Zimmer MDL and thereafter returned to New York plaintiff might voluntarily dismiss the New York case and file in another state. I inquired if that was what plaintiff intended to do. Mr. Cleere responded in an email that he would let me know what plaintiff's decision was once a decision had been made.

2

7. That same day I inquired whether I was authorized to accept service of plaintiff's anticipated Amended Complaint on behalf the Zimmer entities. That evening I was told that I was not so authorized, and neither was Faegre Baker Daniels.

8. On December 5, 2012 I appeared before this Court for the scheduled court conference. Prior to the case being called I spoke directly with Mr. Farnolo, who had appeared on behalf of plaintiff. I advised Mr. Farnolo of my emails with Mr. Cleere and Mr. Cleere's inquiry as to whether I would accept service of an Amended Complaint. I reported to Mr. Farnolo that I had inquired as to whether I could accept service and had been told that neither I nor Faegre Baker Daniels was authorized to do so. I believe my statements to Mr. Farnolo constitute notification to plaintiff's counsel that I could not accept service of any Amended Complaint.

9. In response to paragraph 18 of Mr. Cleere's affidavit: it has always been defendants' intention to file a motion to transfer this case to another venue in the event that plaintiff continued to pursue this matter in New York. The reason that no such motion had been filed by December 27, 2012 – the date on which the Court dismissed the action – is that defendants had not been served with the Amended Complaint.

_____
Phoebe A. Wilkinson

Sworn to before me this
3rd day of January, 2013

_____
Notary Public

KIMBERLY NICOLE ZAFRAN
Notary Public, State of New York
No. 02ZA6268244
Qualified in Queens County
Commission Expires Sept. 4, 2016

3