UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN WILCUTT,<br><br>                          Plaintiff,<br><br>    -against-<br><br>ZIMMER, INC., ZIMMER HOLDINGS, INC., and ZIMMER ORTHOPAEDIC SURGICAL PRODUCTS, INC.,<br><br>                         Defendants. | 12 Civ. No. 4322 (JSR) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 12(b)(6)**
**MOTION TO DISMISS ON STATUTE OF LIMITATIONS GROUNDS**

<br>

                                            CHADBOURNE & PARKE LLP
                                            Attorneys for Defendants
                                            30 Rockefeller Plaza
                                            New York, NY  10112
                                            (212) 408-5100

Phoebe A. Wilkinson
      Of Counsel

CPAM: 5303017.1

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................1

PROCEDURAL HISTORY.....................................................................................2

LEGAL STANDARD..............................................................................................5

STATEMENT OF FACTS ......................................................................................6

LEGAL ARGUMENT.............................................................................................7

      I.      PURSUANT TO NEW YORK'S BORROWING STATUTE, THE KANSAS STATUTE OF LIMITATIONS APPLIES TO PLAINTIFF'S CLAIMS ....................................................................7

      II.     UNDER KANSAS LAW GOVERNING THE STATUTE OF LIMITATIONS, ANY NEW COMPLAINT FILED BY PLAINTIFF WOULD BE TIME-BARRED ...............................................8

CONCLUSION......................................................................................................11

CPAM: 5303017.1

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Benne v. Int'l Bus. Machines Corp,
   87 F.3d 419 (10th Cir. 1996) ................................................................................................10, 11

Carvel v. Ross,
   No. 09 Civ. 0722(LAK)(JCF), 2011 WL 856283 (S.D.N.Y. Feb. 16, 2011) ...........................6

Fennesy v. LBI Mgmt., Inc.,
   18 Kan. App. 2d 61 (1993) ........................................................................................................9

Global Fin. Corp. v. Triarc Corp.,
   93 N.Y.2d 525 (1999) ............................................................................................................7, 8

Guidi v. Stryker Corp.,
   120 F. App'x 45 (9th Cir. 2005) ............................................................................................8, 10

In re: Zimmer NexGen Knee Implant Products Liability Litigation,
   MDL No. 2272 (the "*NexGen* MDL") ...........................................................................2, 3, 4

Jaghory v. N.Y. State Dep't of Educ.,
   131 F.3d 326 (2d Cir. 1997) ......................................................................................................5

Michals v. Baxter Healthcare Corp.,
   289 F.3d 402 (6th Cir.), cert. den., 537 U.S. 944 (2002) .....................................................8, 10

Smith v. Sebelius,
   No. 10 Civ. 6356(JSR)(DF), 2011 WL 7427733 (S.D.N.Y. Dec. 28, 2011) ...........................5

Stuart v. Am. Cyanamid Co.,
   158 F.3d 622 (2d Cir. 1998) ..................................................................................................7, 9

**STATUTES**

N.Y. C.P.L.R. § 202 (McKinney 2013) ..........................................................................................2, 7

N.Y. C.P.L.R. § 214 (McKinney 2013) .............................................................................................8

Kan. Stat. Ann. § 60-513(2012) ........................................................................................................8

Kan. Stat. Ann. §§ 60-513 & 60-3302(c) (2012) ................................................................9

Kan. Stat. Ann. § 60-513(b) (2012) .....................................................................................9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 4(m) ............................................................................................................4

Fed. R. Civ. P. 12(b)(6) ...................................................................................................1, 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN WILCUTT,<br><br>         Plaintiff,<br><br>    -against-<br><br>ZIMMER, INC., ZIMMER HOLDINGS, INC., and ZIMMER ORTHOPAEDIC SURGICAL PRODUCTS, INC.,<br><br>         Defendants. | 12 Civ. No. 4322 (JSR) |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6)[1], the defendants, Zimmer, Inc., Zimmer Holdings, Inc., and Zimmer Surgical, Inc. (f/k/a Zimmer Orthopaedic Surgical Products, Inc.) (collectively, "Zimmer"), move to dismiss Plaintiff John Wilcutt's ("Plaintiff") lawsuit with prejudice for failure to file within the applicable statute of limitations. Though Plaintiff, a non-resident of New York, filed his lawsuit in New York, New York's borrowing statute requires application of Kansas's statute of

---

[1] Pursuant to the Court's instruction, this brief focuses only on the issue of whether any new Complaint filed by Plaintiff would be time-barred. If Plaintiff ultimately files a new Complaint, Zimmer wishes to reserve the right to file another Rule 12(b)(6) motion should other grounds for dismissal exist.

1

limitations, since Plaintiff's principal injury occurred and accrued in that state.  See N.Y. C.P.L.R. § 202 (McKinney 2013).  Under Kansas law, a plaintiff must file a product liability lawsuit within two years of the date the cause of action accrued.  Here, Plaintiff's cause of action accrued no later than on June 2, 2010, the date of the revision surgery replacing his allegedly defective Zimmer knee implant. (See Am. Compl., Doc. 21, ¶ 8.)

On December 27, 2012, the Court dismissed Plaintiff's lawsuit without prejudice. Because more than two years have passed since Plaintiff's revision surgery, even if the Plaintiff were to file a new Complaint, it would be time-barred.  Thus, the Court should issue an order dismissing this lawsuit with prejudice.

## PROCEDURAL HISTORY

The procedural history of this suit is unusual.

Plaintiff filed his initial Complaint in this action on June 1, 2012.  (Doc. 1.)  This Court issued a notice to the parties advising them to appear that month for a Rule 16 scheduling conference.  (Doc. 3.)  One day before that conference, Plaintiff filed a motion to stay all proceedings pending transfer of the action to multidistrict litigation in the Northern District of Illinois, In re: Zimmer NexGen Knee Implant Products Liab. Litig. MDL No. 2272 (the "NexGen MDL"). (Doc. 5.)  During the June 26, 2012 court appearance, Plaintiff asked the Court to stay the proceedings in light of his motion.  (See Doc. 18, memorializing conference.)  Zimmer's counsel advised the Court that it intended to move to vacate any conditional transfer order to the NexGen MDL on the ground that the plaintiff had not received a Zimmer *NexGen* knee replacement device.  (Id.)  Instead,

2

Plaintiff had received a different Zimmer knee replacement device – a <u>Natural-Knee</u> device – and the Judicial Panel on Multidistrict Litigation (the "JPML") had previously issued (on December 13, 2011) an Order excluding cases involving a Zimmer <u>Natural-Knee</u> device from the *NexGen* MDL. (<u>See</u> MDL No. 2272, Doc. 275, attached at attached as Exhibit A to the Declaration of Phoebe A. Wilkinson, dated February 14, 2013 ("Wilkinson Decl.").) On June 27, 2012, the Court issued an order noting that on June 25, 2012 the Clerk of the JPML had filed a Conditional Transfer Order to transfer the case to the NexGen MDL, and further noting that defense counsel had represented at a June 26, 2012 in-court conference that the Zimmer entities would timely oppose the Conditional Transfer Order and move to vacate the Order. (Doc. 18.) The Court further ordered that all proceedings would be stayed until either the case was transferred to the MDL, or the Transfer Order was vacated. (<u>Id</u>.)

    On June 8, 2012, Plaintiff's counsel had sent Zimmer's counsel a request to waive service of a summons. The request was sent directly to Zimmer's counsel because, despite the JPML December 2011 Order that excluded <u>Natural-Knee</u> device cases from the NexGen MDL, Plaintiff's counsel apparently believed that the MDL Court Order which provided for Zimmer counsel to accept service for Zimmer in <u>NexGen</u> MDL cases only, somehow applied to Plaintiff's <u>Natural-Knee</u> device case. (Case Management Order 1, Case No. 1:11-cv-05468, Doc. 132, pp. 3-4, attached at Wilkinson Decl. Ex. B.) Zimmer's counsel had no authority from Zimmer to accept service in non-MDL cases, and it therefore did not execute the waivers of service. Zimmer's counsel informed

3

Plaintiff's counsel at the June 26, 2012 conference that Plaintiff's case did not fall within the scope of the NexGen MDL, and the thirty-day period to return the waivers passed on July 8, 2012. Yet, Plaintiff still did not serve Zimmer at any time – either after the time period to return waivers had expired, or prior to the expiration of the 120 day service window set forth in Federal Rule of Civil Procedure 4(m).

On October 1, 2012, the JPML vacated its Conditional Transfer Order with respect to Plaintiff's lawsuit, thereby declining to transfer it to the NexGen MDL.  (See Doc. 20; Order Vac. CTO, MDL No. 2272, Doc. 905.)  On December 7, 2012, Plaintiff attempted[2] to file an "Amended Complaint," one properly identifying the product at issue as a "Zimmer Gender Solutions Natural Knee Flex System." (Am. Compl., Doc. 21, ¶ 4.) However, in violation of Federal Rule of Civil Procedure 4(m), Plaintiff still had never served either the initial Complaint or the Amended Complaint.  Accordingly, by Order dated December 27, 2012, the Court dismissed Plaintiff's lawsuit without prejudice and required Plaintiff's counsel to file a sworn affidavit showing good cause for the failure to timely serve Zimmer, noting that failure to do so would result in dismissal with prejudice. (Order, Doc. 24, p. 4.)  On January 14, 2013, the Court confirmed its order dismissing Plaintiff's action without prejudice.  (See Order, Doc. 28, p. 1.)

---

[2] Plaintiff did not effectuate filing on that date as he failed to comply with the Court's ECF filing requirements until December 21, 2012.

4

On January 15, 2013, Zimmer received service of Plaintiff's Amended Complaint filed on December 21, 2012, which had been dismissed without prejudice.  The Court set a briefing schedule for this Motion to determine whether any new Complaint would be time-barred, thereby warranting dismissal of this lawsuit with prejudice, rather than without.

**LEGAL STANDARD**

For purposes of a Rule 12(b)(6) motion to dismiss, "the court must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997) (citation omitted).  However, "[w]here it is clear from the plaintiff's own allegations and matters subject to judicial notice that a claim has been asserted outside the governing statute of limitations, Rule 12(b)(6) provides a basis for dismissal of the claim."  Smith v. Sebelius, No. 10 Civ. 6356(JSR)(DF), 2011 WL 7427733, at *4 (S.D.N.Y. Dec. 28, 2011) (citation omitted).  Here, Plaintiff's own allegations show that his cause of action accrued well over two years ago, thereby barring him from seeking relief under the applicable statute of limitations.

## STATEMENT OF FACTS

On September 24, 2009, Plaintiff's physician, Dr. Jonathan Blake, surgically implanted him with a "Zimmer size 4, Natural Knee femur, size 3 cemented Tibia with a size 9 Ultra congruent insert…." (Am. Compl., Doc. 21, ¶ 6); (Compl., Doc. 1, ¶ 8.) The surgery took place at St. Mary's Medical Center, located in Missouri.[3] (Compl., Doc. 1., ¶ 8.) On June 2, 2010, roughly eight months after his initial surgery, "Plaintiff had a second surgery to revise and replace his previously implanted Zimmer Knee…." (Am. Compl., Doc. 21, ¶ 8.) Dr. Jeffrey W. Salin performed the revision surgery, which occurred at Menorah Medical Center in Overland Park, Kansas. (Compl., Doc. 1, ¶ 10.) The gravamen of Plaintiff's claims is that "[a]s a direct and proximate result of the use of the Zimmer Knee, Plaintiff JOHN WILCUTT suffered, and continues to suffer, serious bodily injury and harm." (Am. Compl., Doc. 21, ¶ 9.)

---

[3] Plaintiff's Amended Complaint (Doc. 21) contains less detail about the site of Plaintiff's implanting and revision surgeries than his initial Complaint. Though Plaintiff's initial Complaint no longer controls after the filing of the Amended Complaint, the Court has latitude to take judicial notice of Plaintiff's admissions in the initial Complaint in deciding this Motion. "[F]ederal courts are empowered to take judicial notice of facts 'not subject to reasonable dispute,' including public records and the decisions of other courts" in deciding Rule 12(b)(6) motions. Carvel v. Ross, No. 09 Civ. 0722(LAK)(JCF), 2011 WL 856283, at *9 (S.D.N.Y. Feb. 16, 2011) (quoting Fed. R. Evid. 201(b)). Plaintiff cannot reasonably dispute his own statements in the initial Complaint, and the Court can consider them without converting this Motion to a motion for summary judgment under Rule 56. See id.

6

## LEGAL ARGUMENT

### I. PURSUANT TO NEW YORK'S BORROWING STATUTE, THE KANSAS STATUTE OF LIMITATIONS APPLIES TO PLAINTIFF'S CLAIMS

Plaintiff is not a resident of New York.  (See Am. Compl. ¶ 1.)  Moreover, none of the events at issue in his lawsuit occurred in New York.  Where a cause of action accrues outside of New York to a non-New York resident, New York's "borrowing statute" applies.  See N.Y. C.P.L.R. § 202 (McKinney 2013).  The borrowing statute precludes non-resident plaintiffs from suing in New York for the purpose of obtaining a more favorable statute of limitations.  Global Fin. Corp. v. Triarc Corp., 93 N.Y.2d 525, 528 (1999).  Under the statute, when a nonresident sues based upon a cause of action that accrued outside of New York, "the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued."  Stuart v. Am. Cyanamid Co., 158 F.3d 622, 627 (2d Cir. 1998); N.Y. C.P.L.R. § 202 (McKinney 2013).

Under the borrowing statute, the Court must determine the state in which Plaintiff's cause of action accrued.  New York has "consistently employed the traditional definition of accrual – a cause of action accrues at the time and in the place of the injury – in tort cases involving the interpretation of CPLR 202."  Global Fin. Corp., 93 N.Y.2d at 529.  Based on this rule of accrual, the Court should determine that Plaintiff's cause of action accrued in Kansas for two reasons.  First, though Plaintiff's implanting surgery occurred in Missouri, the surgery that caused Plaintiff's economic and physical harm –

the revision surgery – occurred in Kansas.  (See Compl., Doc. 1, ¶ 10.)  Presumably, the vast majority of Plaintiff's medical expenses stem from this second surgery and the medical rehabilitation services it necessitated.  Furthermore, the pain and suffering endured by Plaintiff in the revision surgery will comprise a significant portion of the damages he seeks.  Second, courts routinely tie the accrual of medical device product liability causes of action to the plaintiff's revision surgery.  See Guidi v. Stryker Corp., 120 F. App'x. 45, 47 (9th Cir. 2005) (holding that plaintiff's suit was not time-barred because cause of action accrued when her hip prosthesis was revised); Michals v. Baxter Healthcare Corp., 289 F.3d 402, 405-07 (6th Cir.), cert. den., 537 U.S. 944 (2002) (holding that statute of limitations triggered when patient had the implant removed).

Because the principal injury giving rise to this lawsuit, Plaintiff's revision surgery, occurred in Kansas, and because courts commonly tie the accrual of a cause of action in medical device product liability cases to a plaintiff's revision surgery, the Court should apply Kansas's statute of limitations.  See Global Fin. Corp., 93 N.Y.2d at 529.

II.     **UNDER KANSAS LAW GOVERNING THE STATUTE OF LIMITATIONS, ANY NEW COMPLAINT FILED BY PLAINTIFF WOULD BE TIME-BARRED**

In New York, the statute of limitations for strict product liability or negligence for personal injury is three years.  N.Y. C.P.L.R. § 214 (McKinney 2013).  However, in Kansas, a product liability action for personal injuries must be brought within two years.  See Kan. Stat. Ann. § 60-513 (2012).  Because Kansas has a shorter limitations period,

8

under New York's borrowing statute, the Court must apply Kansas's two-year limitations period. Am. Cyanamid Co., 158 F.3d at 627. More than two-and-a-half years have passed since Plaintiff's revision surgery. Thus, Kansas's statute of limitations bars any future lawsuit filed by Plaintiff.

Plaintiff's Amended Complaint includes six claims against Zimmer: (1) strict liability; (2) failure to warn; (3) defective design; (4) negligence; (5) breach of express warranty; and (6) breach of implied warranty. In Kansas, the two-year statute of limitations on product liability actions applies regardless of whether Plaintiff sues for negligence, strict liability, or breach of warranty. Kan. Stat. Ann. §§ 60-513 & 60-3302(c) (2012); Fennesy v. LBI Mgmt., Inc., 18 Kan. App. 2d 61, 65 (1993). Thus, all of Plaintiff's claims are subject to the two-year statute of limitations.

With respect to when plaintiff's action accrued, a plaintiff's cause of action "shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party…." Kan. Stat. Ann. § 60-513(b) (2012). Here, Plaintiff's revision surgery on June 2, 2010 constituted a "substantial injury." See id. Moreover, though the "fact of injury [was] not reasonably ascertainable" at the time the allegedly defective Zimmer knee device was implanted in Plaintiff, it certainly became reasonably ascertainable on the date of Plaintiff's revision surgery. See id. Such a finding is consistent with the rulings of multiple courts that a

9

medical device products liability action accrued at the latest on the date of the plaintiff's revision surgery. Guidi, 120 F. App'x at 47; Michals, 289 F.3d at 405-07.

In his Amended Complaint, Plaintiff signals his intent to argue that his cause of action did not accrue until he learned of the knee implant's alleged defectiveness, claiming that he "was not able to discover, nor could he have discovered through the exercise of reasonable care, the defective nature of the Zimmer Knee." (Am. Compl, Doc. 21, ¶ 18.)  However, under Kansas law, a plaintiff need not have knowledge of a product's defectiveness for a cause of action to accrue. In Benne v. Int'l Bus. Machines Corp., the plaintiff sued two keyboard manufacturers, alleging that their defectively designed products gave her carpal tunnel syndrome and overuse syndrome. 87 F.3d 419, 422 (10th Cir. 1996) (applying Kansas law).  In response to the defendants' arguments that her action was time-barred, she contended that accrual should have been delayed because "a plaintiff's knowledge of the cause of her injuries is irrelevant until she realizes that the designer of the product may have acted negligently." Id. at 426.  The Court rejected the plaintiff's argument:

> [Plaintiff] fails to recognize that no plaintiff ever knows prior to her suit whether the defendant is negligent…The Kansas law does not give plaintiff an infinite amount of time, after learning the cause of her injuries, to ponder whether the equipment injured her because of defendant's negligence or because of other reasons.  The plaintiff must take the initiative within the limitations period to set out to prove defendant's negligence.  Otherwise, claims would survive for such extensive periods of time that the statute of limitations could be completely eviscerated.

Id. at 427.

A similar result is warranted here. When Plaintiff had his knee implant revised, he had notice that the need for the second surgery was related to the Zimmer knee implant, which had been implanted less than 9 months earlier, since his surgeon was replacing it. Like the plaintiff in Benne, Plaintiff had a duty as of the date of his revision surgery to "take the initiative within the limitations period to set out to prove defendant's negligence." Id. Thus, Plaintiff's allegation that he could not discover "the defective nature of the Zimmer Knee" has no bearing on the accrual of his cause of action.

Plaintiff's injury related to his Zimmer knee implant was "reasonably ascertainable" as of the date of his revision surgery. As shown in Benne, whether Plaintiff believed that the implant was defective or that Zimmer was negligent at that time has no bearing on the question of when his cause of action accrued. Because Plaintiff's revision surgery occurred more than two years ago, any new lawsuit filed by Plaintiff will be time-barred and futile.

## CONCLUSION

Under New York's borrowing statute, Kansas state law applies to the question of whether any lawsuit by Plaintiff is barred by the statute of limitations, since Plaintiff's principal injury, his revision surgery, occurred in that state. Kansas provides litigants only two years from the date their injuries become "reasonably ascertainable" to file a product liability lawsuit, and Plaintiff's revision surgery occurred well over two years

11

ago.  Thus, any future lawsuit filed by Plaintiff would be time-barred. The Court should dismiss this lawsuit with prejudice.

Dated:    February 14, 2013

                                          Respectfully submitted,

                                          CHADBOURNE & PARKE LLP

                                          By     */s/  Phoebe A. Wilkinson*
                                                 Phoebe A. Wilkinson
                                                A Member of the Firm
                                        Attorneys for Defendants
                                        30 Rockefeller Plaza
                                        New York, NY  10112
                                        (212) 408-5100
                                        pwilkinson@chadbourne.com

OF COUNSEL:

FAEGRE BAKER DANIELS
 J. Stephen Bennett
Peter A. Meyer
111 E. Wayne Street, Suite 800
Fort Wayne, IN 46802
 Telephone:  (260) 424-8000
Facsimile:  (260) 460-1700
stephen.bennett@faegrebd.com
peter.meyer@faegrebd.com